IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DYNAMIC HEALTHCARE SERVICES, LLC  :
and HOMETOWN OXYGEN, PITTSBURGH  :
LLC,  :
  :
  :
    *Plaintiffs*,  :
  :
  :
    v.  :  CIVIL NO. 24-3058
  :
PHILIPS MEDICAL CAPITAL, LLC, DE  :
LAGE LANDEN FINANANCIAL SERVICES  :
INC., and PHILIPS RS NORTH AMAERICA  :
LLC f/k/a RESPIRONICS, INC.,  :
  :
    *Defendants.*  :
  :

## ORDER

  **AND NOW**, this **29th** day of **September 2025**, upon consideration of Defendant Respironics' Motion to Compel Arbitration and Stay Proceedings (ECF No. 16), Plaintiff Dynamic Heath Services' (DHS) response in opposition thereto (ECF No. 26), and Respironics' reply in support of its Motion (ECF No. 28), it is **hereby ORDERED** that Defendant's Motion to Compel and Stay Proceedings is **DENIED.**[1]

                BY THE COURT:

                _____
                **HON. KAI N. SCOTT**
                **United States District Court Judge**

1

---

[1]    In ruling on a motion to compel arbitration, a district court must first determine whether to apply the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b) or the standard for summary judgment under Federal Rule of Civil Procedure 56. *See Holloway v. Citibank, N.A.*, 3:23-cv-00404-JDW, 2024 WL 1806427 at *2 (E.D. Pa. Apr. 25, 2024). The court will apply the standard for a motion to dismiss when the defense of arbitrability is apparent on the face of the complaint. *See id.* If the resolution of the motion to compel arbitration requires the court to consider facts outside the complaint, the court must apply the standard for summary judgment. *See id.* Plaintiff DHS' complaint does not reference the arbitration agreement, and Defendant Respironics has placed it before this Court as an exhibit to its Motion to Compel Arbitration. *See* ECF No. 16 at Ex. A. Thus, this Court will consider the Motion under the summary judgment standard.

The relevant arbitration agreement is located in the Sleep and Home Respiratory Purchase Agreement (SHRPA). The SHRPA sets the terms for Defendant's sale of Continuous Position Airway Pressure (CPAP) machines to Plaintiff. The arbitration contained within the SHRPA states "[a]ny controversy or claims arising out of or relating to this Agreement, shall be settled by arbitration." ECF No. 16 at Ex. A. To finance Plaintiff's purchase of CPAP machines from Defendant, Plaintiff entered into an independent agreement with Defendant PMC, called the Master Lease Agreement ("MLA"). The MLA does not have an arbitration clause.

When determining if an arbitration agreement applies to a particular claim, the court must perform a two-step analysis, considering whether: (1) the parties entered into a valid arbitration agreement, and (2) the dispute falls within the language of the agreement. *See CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 172 (3d Cir. 2014). The parties do not contest that they entered into a valid arbitration agreement, accordingly this Court must determine whether the antitrust claim falls within the scope of the agreement. The phrase "arising out of means causally connected[.]" *McCabe v. Old Republic Ins. Co.*, 228 A.2d 901, 903 (Pa. 1967). Similarly, "relating to" means a causal connection or relationship between two actions. *Morales v. Trans World Airline*, 504 U.S. 374, 383(1992). "Both terms are broad but not unbounded." *Holloway*, 2024 WL 1806427 at *7. Thus, for this Court to find that arbitration should be compelled, there must be a causal connection between the SHRPA and Defendant's conduct underlying the antitrust claim. This Court does not see such a connection.

The antitrust allegations arise from Defendant's alleged sharing of confidential information to co-Defendants DLL and PMC about Plaintiff's default on the MLA, and Respironics, DLL, and PMC's concerted actions and conspiracy to refuse to deal with Plaintiffs. Plaintiff does not allege that the antitrust claim arose from the SHRPA. Defendant stated that it does, suggesting that any claim for damages pertaining to Defendant's CPAP products or stemming from the parties' contractual relationship must be referred to arbitration. Even though the SHRPA initiated the relationship between the parties, the agreement does not govern any and all disputes between the parties simply because it was the origin of the parties' relationship. The terms of the SHRPA have no bearing on whether Defendant harmed Plaintiff by sharing commercially sensitive information with co-Defendants DLL and PMC in an anti-competitive way. Plaintiff's antitrust claim would still be viable even if Defendant had not recalled its CPAP machines. Rather, it was Defendant's sharing of Plaintiff's confidential information, not the product recall, that underlies Plaintiff's

antitrust claim. *See Estate of Stiles v. Chesapeake Appalachia, L.L.C.*, No. 1346-MDA-2012, 2014 WL 10919559 at *5 (Pa. Super. 2014). Therefore, when an agreement is wholly incidental to the alleged cause of action, an arbitration clause will not apply to the action. *See id.*

In the event this Court finds that the SHRPA's provision of sale of CPAP machines does not underpin the antitrust claims, Defendant argued that the SHRPA still applies because the agreement contemplates the parties' sharing of confidential information. However, Plaintiff contended that the SHRPA's arbitration clause does not extend to claims related to Defendant's disclosure of Plaintiff's confidential information. On the contrary, the SHRPA only restricts Plaintiff's sharing of "confidential or other proprietary information that is disclosed by [Defendant] to [Plaintiff]." ECF No. 16 at Ex. A. Plaintiff therefore concluded, and this Court agrees, that the SHRPA does not govern Defendant's disclosure of Plaintiff's confidential information because the agreement only dictates the inverse: namely, Plaintiff's obligations regarding confidential information transmitted to it by Defendant. Defendant replied that the SHRPA on its face does not have any exclusions, thus the absence of a contractual duty related to Defendant's handling of Plaintiff's confidential information does not curb the arbitration clause. The Court finds this argument unpersuasive as well.

Therefore, this Court denies Defendant's Motion to Compel Arbitration because the SHRPA's arbitration clause does not cover the antitrust dispute before this Court.